## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| LAURA GRADDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ASPEN DENTAL MANAGEMENT, INC.; | ) | |
| APEO, LLC; PURPLE DENTAL LLC; | ) | |
| and EJIKE EZEJA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF</u>

Plaintiff Laura Graddy (hereinafter "Plaintiff" or "Ms. Graddy") submits the following Complaint for Damages and Equitable Relief against Defendant Aspen Dental Management, Inc. ("ADMI"), Defendant APEO, LLC, Defendant Purple Dental LLC (corporate defendants collectively "Aspen Dental"), and Defendant Ejike Ezeja ("Dr. Ezeja" or "Ezeja") (all defendants collectively "Defendants"), showing the Court at follows:

## INTRODUCTION

1.

This is an employment matter arising from unlawful workplace sex discrimination, a sexually hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. In the course of Plaintiff Laura Graddy's employment with Aspen Dental, Ms. Graddy's supervisor, Ejike Ezeja, subjected Ms. Graddy to unwelcome sexual harassment, including unwanted touching. When Ms. Graddy complained about Dr. Ezeja's workplace harassment, Aspen Dental retaliated against Ms. Graddy by terminating her employment.

2.

Ms. Graddy asserts claims for: (1) unlawful sex discrimination, (2) a sexually hostile work environment, and (3) retaliation in violation of Title VII of the Civil Rights Act of 1964 against Defendants ADMI, APEO, and Purple Dental. Additionally, Ms. Graddy asserts the following claims under Georgia tort law: (4) assault, (5) battery, (6) intentional infliction of emotional distress, (7) invasion of privacy against Defendants Purple Dental and Ejike Ezeja, (8) negligence (sexual harassment), (9) negligent infliction of emotional distress, and (10) negligent retention and/or negligent supervision against Defendants ADMI, APEO, and Purple

Dental. Ms. Graddy also pleads (11) breach of legal duty under O.C.G.A. § 51-1-6 against Defendants Purple Dental and Ejike Ezeja, as well as (12) punitive damages under O.C.G.A. § 51-12-5.1, and (13) attorneys' fees and costs under O.C.G.A. § 13-6-11 against all Defendants. Plaintiff seeks back pay and the lost economic benefits of her employment, compensatory and punitive damages, reasonable attorneys' fees and costs of litigation, and all other relief this Court may deem just.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3.

Ms. Graddy timely filed Charges of Discrimination with the Equal Employment Opportunity Commission and received her right to sue notices. She has complied with all other conditions precedent to the institution of this lawsuit.

## **JURISDICTION AND VENUE**

4.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a).

5.

The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6.

Venue is proper in this Court because this action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed. *See* 42 U.S.C. § 2000e–5(f)(3).

## **PARTIES**

7.

Ms. Graddy is now, and was at all times relevant to this action, a resident of the State of Georgia.

8.

Defendant Aspen Dental Management, Inc. is subject to this Court's jurisdiction. ADMI may be served by delivering a copy of the Complaint and summons to C T Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046 in Gwinnett County, Georgia.

9.

Defendant APEO is subject to this Court's jurisdiction. APEO may be served by delivering a copy of the Complaint and summons to C T Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046 in Gwinnett County, Georgia.

10.

Defendant Purple Dental LLC is subject to this Court's jurisdiction. Purple Dental may be served by delivering a copy of the Complaint and summons to Ejike Ezeja, DDS at 1609 Norman Drive, Ste. B, Valdosta, Georgia 31602.

11.

Defendant Ejike Ezeja is subject to this Court's jurisdiction. Dr. Ezeja may be served by delivering a copy of the Complaint and summons to Dr. Ezeja personally, or by leaving copies thereof at Dr. Ezeja' dwelling house or usual place of abode with some person of suitable age and discretion residing therein.

## FACTUAL BACKGROUND

### *Relationship between Defendants*

12.

Defendant Aspen Dental Management, Inc.'s principal office is located at 281 Sanders Creek Parkway, East Syracuse, New York 13057.

13.

Defendant APEO, LLC's principal office is located at 281 Sanders Creek Parkway, East Syracuse, New York 13057.

14.

APEO does business under the name Aspen Dental.

15.

APEO's Manager is ADMI's Chief Clinical Officer, Arwinder S. Judge, DDS.

16.

ADMI and APEO provide integrated business support services to Aspen Dental locations around the country.

17.

Among other things, ADMI and APEO provide marketing, advertising, benefits administration, accounting, scheduling, patient satisfaction, training, purchasing, insurance processing, and information technology services to each Aspen Dental location.

18.

Defendant Ezike Ezeja, DDS is the purported "Dentist Owner" and manager of several Aspen Dental locations, including locations in Valdosta, Georgia and Albany, Georgia.

19.

Defendant Purple Dental LLC does business under the name Aspen Dental.

20.

Defendant Purple Dental's Organizer is Defendant Ezeja.

### *Ms. Graddy's Employment with Aspen Dental*

21.

Laura Graddy (female) began working as a Dental Assistant at the Aspen Dental's Valdosta, Georgia location on July 19, 2021.

22.

Aspen Dental's Valdosta, Georgia location is managed by Defendant Ezeja (male) with the help of Office Manager Kacey Campbell (female).

23.

As is Aspen Dental's typical practice with new Dental Assistants, Ms. Graddy was assigned to work in the New Patient Chair.

24.

Dental Assistants in the New Patient Chair are responsible for taking x-ray images and preparing patients for their first visit with the dentist.

25.

Dr. Ezeja and Ms. Campbell served as Ms. Graddy's supervisors.

### *Dr. Ezeja Engages in Inappropriate and Unlawful Workplace Behavior*

26.

Soon after she began working at the Valdosta office, Ms. Graddy learned that Dr. Ezeja had a history of having inappropriate sexual relationships with his employees, including Ms. Campbell.

27.

Dr. Ezeja and Ms. Campbell typically closed the doors to Dr. Ezeja's office when they were alone in the office together.

28.

Ms. Graddy also observed that Dr. Ezeja often touched his female patients and female employees, including holding Ms. Campbell around her waist.

29.

Instead of asking female employees to move when they were in his way, Dr. Ezeja regularly physically moved female employees (including Ms. Graddy) by placing his hands on their arms, waist, hips, or rib cages and pushing them.

30.

Sometime in or about late August 2021, Ms. Graddy asked Dr. Ezeja to follow her to look at a patient's scan.

31.

As they walked down the hallway together, Dr. Ezeja initiated physical contact with Ms. Graddy by placing his arm around Ms. Graddy's shoulder.

32.

Dr. Ezeja moved his arm to Ms. Graddy's waist.

33.

Dr. Ezeja then asked Ms. Graddy coyly, "Where are you taking me?"

34.

Ms. Graddy replied that she was not taking him anywhere, and she just needed to discuss the patient's scan with him.

35.

Dr. Ezeja, a bit crestfallen and longingly, replied, "Oh, I thought you were taking me somewhere."

36.

To Ms. Graddy's surprise, Dr. Ezeja patted her butt four or five times before walking away.

37.

Also, in or about late August 2021, while Dr. Ezeja and Ms. Graddy were alone in his office, Dr. Ezeja asked her to give him a massage.

38.

Ms. Graddy asked Dr. Ezeja, "What kind of massage do you want?"

39.

Dr. Ezeja replied, "Any kind you want to give me."

40.

Ms. Graddy was afraid she would get in trouble if she did not cooperate.

41.

Because of this fear, Ms. Graddy began to massage his shoulders.

42.

Ms. Graddy said, "You are not tense. You don't need this. Normally dentists' backs hurt from being bent over and things like that."

43.

Dr. Ezeja replied, "Bent over? That sounds funny," and started to laugh.

44.

Ms. Graddy, feeling uncomfortable, said "goodbye," and left in a hurry.

### *Ms. Graddy Reports Dr. Ezeja's Sexual Harassment to the Regional Manager*

45.

On or about August 31, 2021, Ms. Graddy reported Dr. Ezeja's sexual harassment to Aspen Dental's Regional Manager Lindsey Dickinson.

46.

Ms. Graddy made it clear that Dr. Ezeja's sexual harassment made her uncomfortable.

47.

Ms. Dickinson informed Ms. Graddy that she would speak with Dr. Ezeja and that such behavior would not happen again.

48.

Ms. Dickinson instructed Ms. Graddy to talk with Ms. Campbell about her concerns.

49.

Ms. Graddy explained to Ms. Dickinson that she did not feel comfortable talking with Ms. Campbell because it was common knowledge throughout the office that Ms. Campbell and Dr. Ezeja were engaging in an inappropriate workplace relationship.

50.

Ms. Graddy further explained that she was nervous about losing her job.

51.

Ms. Dickinson encouraged Ms. Graddy by telling her that it was okay to go to Ms. Campbell about this issue.

52.

When Ms. Dickinson asked Ms. Graddy if she wanted to move to a different office, Ms. Graddy replied that she did want to move.

53.

Ms. Dickinson mentioned that she would look into whether there was an opening available at Aspen Dental's Tallahassee, Florida location.

54.

A few days later, on or about September 7, 2021, Ms. Graddy texted Ms. Dickinson, asking Ms. Dickinson to call her.

55.

However, Ms. Dickinson did not call Ms. Graddy back.

56.

Based on information and belief, following Ms. Graddy's complaint to Ms. Dickinson, Aspen Dental did not open an investigation into Ms. Graddy's complaints.

57.

Despite Ms. Graddy reporting Dr. Ezeja's behavior, Aspen Dental forced Ms. Graddy to continue working with and reporting to Dr. Ezeja.

***Ms. Graddy reports Dr. Ezeja's Sexual Harassment to her Supervisor***

58.

On or about September 9, 2021, Ms. Graddy informed one of her supervisors, Ms. Campbell, about Dr. Ezeja's sexual harassment.

59.

Ms. Campbell advised Ms. Graddy that she had also experienced Dr. Ezeja's sexual harassment.

60.

Ms. Campbell further advised that she had to get corporate involved to get Dr. Ezeja's sexual harassment to stop.

61.

Ms. Campbell said that it took years to get Dr. Ezeja to trust her after she reported his behavior to corporate.

62.

Based on information and belief, following Ms. Graddy's complaint to Ms. Campbell, Aspen Dental did not open an investigation into Ms. Graddy's complaints.

63.

Despite Ms. Graddy reporting Dr. Ezeja's behavior, Aspen Dental forced Ms.

13

Graddy to continue working with and reporting to Dr. Ezeja.

### *Dr. Ezeja Retaliates against Ms. Graddy*

64.

While Ms. Graddy was in the office on or about September 11, 2021, Dr. Ezeja yelled at her in front of a patient.

65.

Dr. Ezeja called Ms. Graddy a "liar," and falsely claimed that Ms. Graddy had performed a scan improperly.

66.

Ms. Graddy went to Ms. Campbell's office, and Dr. Ezeja followed her.

67.

Dr. Ezeja yelled, "If she wants to go, let her leave," to Ms. Campbell.

68.

Ms. Graddy replied, "If he wants me to go home, I will go home because I won't have him talk to me in front of a patient like that."

69.

Ms. Campbell answered, "Okay."

70.

Ms. Graddy left the office and texted Ms. Campbell, "So does this mean I'm

done at [A]spen? Just for clarification."

71.

Ms. Campbell texted back, "No, I didn't fire you. You decided you wanted to leave, so you left. Unless you decided you quit then yes you quit."

72.

Ms. Graddy never texted or stated that she intended to quit or otherwise resign.

73.

Ms. Graddy's next shift was scheduled for September 13, 2021.

74.

On September 12, at 7:06 p.m., Ms. Graddy texted Ms. Campbell, "My car is being towed back to Homerville right now, my kids and I have been stuck in Waycross for 2 hours my car shut off unexpectedly and won't turn back on so I need to take it to the shop tomorrow and I don't have another way to work."

75.

That evening, Ms. Campbell replied, "Ok. Hope you get it fixed."

76.

However, on September 13, 2021, at 9:08 a.m., Ms. Campbell notified Ms. Graddy that she was terminated via the following text message: "I just spoke with doc and he said that after the events of Saturday, you are in fact no longer an

employee at this office. I'm sorry[.]"

### *Aspen Dental further Retaliates against Ms. Graddy*

77.

Ms. Graddy immediately called and alerted Ms. Dickinson about her termination.

78.

Ms. Dickinson assured Ms. Graddy that she was not terminated.

79.

Ms. Dickinson and Aspen Dental's Director of Operations Kaitlyn Suggs placed Ms. Graddy on unpaid leave.

80.

On September 14, 2021, at 9:39 a.m., Ms. Graddy sent Ms. Suggs an email detailing Dr. Ezeja's sexual harassment.

81.

Ms. Dickinson and Ms. Suggs arranged for Ms. Graddy to transfer to Aspen Dental's Waycross, Georgia location.

82.

Ms. Graddy arrived for work at Aspen Dental's Waycross, Georgia location on or about September 20, 2021.

83.

However, Aspen Dental's Waycross, Georgia location was not ready for Ms. Graddy's arrival.

84.

No one at Aspen Dental's Waycross, Georgia location had even been made aware of Ms. Graddy's supposed transfer.

85.

When Ms. Graddy tried to use her Aspen Dental ID card, it did not work.

86.

Aspen Dental's Human Resources informed Ms. Graddy that the system showed her as terminated and listed as "do not rehire."

87.

On September 20, 2021, at 9:19 a.m., Ms. Graddy called Aspen Dental's ethics and compliance hotline number, which she noticed on a poster at Aspen Dental's Waycross, Georgia location.

88.

In her complaint to Aspen Dental's ethics and compliance hotline, Ms. Graddy reported Dr. Ezeja's sexual harassment and that she was terminated in retaliation for reporting his sexual harassment.

89.

Ms. Graddy reached out to Ms. Dickinson and Ms. Suggs about the issues at the Waycross, Georgia location and to ask whether she should apply for unemployment.

90.

Instead, Aspen Dental placed Ms. Graddy on paid personal leave while Aspen Dental completed an internal investigation.

91.

As part of this investigation, Aspen Dental's Human Resources Manager Cathe Babbage interviewed Ms. Graddy.

92.

Ms. Graddy detailed Dr. Ezeja's sexual harassment, the incident that occurred on or about September 11, 2021, and her subsequent termination to Ms. Babbage.

93.

On September 30, 2021, Ms. Babbage notified Ms. Graddy that Aspen Dental had not found anything to substantiate her claims.

94.

Ms. Babbage further notified Ms. Graddy that Aspen Dental was terminating Ms. Graddy's employment.

95.

Aspen Dental's purported reason for terminating Ms. Graddy was job abandonment.

96.

Ms. Graddy later received notice from the Georgia Department of Labor that did not mention job abandonment as her termination reason.

97.

Instead, the notice implied that Aspen Dental informed the Georgia DOL that they terminated Ms. Graddy's employment because she failed to perform her job duties. This allegation is false.

## COUNT I
## SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII
### *Against Defendant ADMI, Defendant APEO, LLC, and Defendant Purple Dental LLC*

98.

Paragraph numbers 12 through 97 are incorporated herein by reference.

99.

Ms. Graddy is a member of a protected class in that she is female.

100.

Ms. Graddy was an "employee" of Defendants ADMI, APEO, and Purple Dental within the meaning of Title VII, 42 U.S.C. §2000e(f).

101.

Defendants ADMI, APEO, and Purple Dental were Ms. Graddy's "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

102.

Defendants ADMI, APEO, and/or Purple Dental are a "single integrated enterprise" as that term has been defined and applied to Title VII.

103.

In the alternative, Defendants ADMI, APEO, and/or Purple Dental are Ms. Graddy's "joint employers" as that term has been defined and applied to Title VII.

104.

Defendants ADMI, APEO, and Purple Dental subjected Ms. Graddy to disparate treatment in the terms and conditions of employment and subjected her to adverse employment actions based on her sex by, *inter alia*: (1) subjecting her to unwelcomed sexual harassment and a sexually hostile environment; (2) placing her on unpaid leave; (3) failing to properly arrange Ms. Graddy's transfer to Aspen Dental's Waycross, Georgia location; (3) conducting a sham investigation in

response to Plaintiff's grievance and opposition activity; and (4) terminating her employment because of her sex.

105.

Defendants ADMI, APEO, and Purple Dental lack any legitimate justification for subjecting Plaintiff to the disparate treatment and adverse employment actions complained of above, and/or any such purported justifications are mere pretext for sex discrimination.

106.

The above-pled actions of Defendants ADMI, APEO, and Purple Dental constitute sex discrimination in violation of Title VII of the Civil Rights Act of 1964.

107.

Ms. Graddy's sex was a "motivating factor" in Defendants ADMI, APEO, and Purple Dental's decisions to take the above-pled discriminatory actions, even if her sex was not the only factor that motivated that decision.

108.

The actions of Defendants ADMI, APEO, and Purple Dental in subjecting Plaintiff to disparate treatment were willful, deliberate, and intended to cause Ms. Graddy harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of her federally protected rights.

109.

As a direct and proximate result of the Defendants ADMI, APEO, and Purple Dental's violations of Title VII, Plaintiff has suffered damages, including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

110.

As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover lost wages and economic benefits of her employment, compensatory damages for emotional distress, front pay, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT II
### Sexually Hostile Work Environment in Violation of Title VII
***Against Defendant ADMI, Defendant APEO, LLC, and Defendant Purple Dental LLC***

111.

Paragraph numbers 12 through 97 are incorporated herein by reference.

112.

Ms. Graddy is a member of a protected class in that she is female.

113.

Ms. Graddy was an "employee" of Defendants ADMI, APEO, and Purple Dental within the meaning of Title VII, 42 U.S.C. §2000e(f).

114.

Defendants ADMI, APEO, and Purple Dental were Ms. Graddy's "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

115.

Defendants ADMI, APEO, and/or Purple Dental are a "single integrated enterprise" as that term has been defined and applied to Title VII.

116.

In the alternative, Defendants ADMI, APEO, and/or Purple Dental are Ms. Graddy's "joint employers" as that term has been defined and applied to Title VII.

117.

Dr. Ezeja (Ms. Graddy's supervisor) subjected Ms. Graddy to unwelcome sexual harassment, including unwanted physical contact, placing his arm around her waist, patting her buttocks, requiring her to give him a massage, and making lewd and suggestive comments to Ms. Graddy.

118.

Dr. Ezeja further subjected Ms. Graddy to a sexually hostile working environment by engaging in an inappropriate relationship with Ms. Campbell and touching other female employees.

119.

Ms. Graddy was subjected to her supervisor Dr. Ezeja's severe and pervasive sexual harassment, which was sufficiently severe and/or pervasive to alter the conditions of her employment.

120.

Ms. Graddy's refusal to comply with her supervisor Dr. Ezeja's sexual demands and/or overtures resulted in a tangible employment action being taken against her, namely her termination.

121.

At all times relevant to this action, Defendants ADMI, APEO, and Purple Dental knew or should have known of Dr. Ezeja's sexual harassment of Ms. Graddy, and the existence of a sexually hostile work environment but failed to take remedial action to prevent or correct the harassment or protect Ms. Graddy.

122.

At all relevant times, Dr. Ezeja acted in the course and scope of his employment with ADMI, APEO, and Purple Dental, making Defendants ADMI, APEO, and Purple Dental vicariously liable for the actions of Dr. Ezeja.

123.

Defendants ADMI, APEO, and Purple Dental willfully and wantonly disregarded Plaintiff's rights, and their unlawful actions against Ms. Graddy were undertaken in bad faith.

124.

As a result of Defendants ADMI, APEO, and Purple Dental's unlawful actions, Ms. Graddy has suffered emotional distress, inconvenience, humiliation, and other indignities.

125.

As a result of Defendants ADMI, APEO, and Purple Dental's violations of Title VII, Ms. Graddy is entitled to recover any lost economic benefits of her employment, compensatory and punitive damages, and reasonable attorneys' fees and costs, as well as equitable and injunctive relief.

**COUNT III**
**RETALIATION IN VIOLATION OF TITLE VII**
*Against Defendant ADMI, Defendant APEO, LLC, and Defendant Purple Dental LLC*

126.

Paragraph numbers 12 through 97 are incorporated herein by reference.

127.

Ms. Graddy was an "employee" of Defendants ADMI, APEO, and Purple Dental within the meaning of Title VII, 42 U.S.C. §2000e(f).

128.

Defendants ADMI, APEO, and Purple Dental were Ms. Graddy's "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

129.

Defendants ADMI, APEO, and/or Purple Dental are a "single integrated enterprise" as that term has been defined and applied to Title VII.

130.

In the alternative, Defendants ADMI, APEO, and/or Purple Dental are Ms. Graddy's "joint employers" as that term has been defined and applied to Title VII.

131.

Plaintiff engaged in statutorily protected activity by objecting to and complaining against sexual harassment, a sexually hostile work environment, and

retaliation prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. including but not limited to: (1) reporting Dr. Ezeja's sexual harassment and inappropriate relationship with Office Manager Kacey Campbell to Aspen Dental's Regional Manager Lindsey Dickinson on or about August 31, 2021; (2) reporting Dr. Ezeja's sexual harassment to Office Manager Kacey Campbell on or about September 9, 2021; (3) reporting Dr. Ezeja's retaliation to Ms. Dickinson and Aspen Dental's Director of Operations Kaitlyn Suggs; (4) sending Ms. Suggs an email reporting Dr. Ezeja's sexual harassment on or about September 14, 2021; (5) reporting Dr. Ezeja's sexual harassment, his inappropriate relationship with Office Manager Kacey Campbell, and that she was terminated in retaliation for reporting Dr. Ezeja's sexual harassment to Aspen Dental's ethics and compliance hotline on or about September 20, 2021; and (6) detailing Dr. Ezeja's sexual harassment and retaliation to Aspen Dental's Human Resources Manager Cathe Babbage.

132.

Title VII prohibits Defendants ADMI, APEO, and Purple Dental from retaliating against Plaintiff because she opposed, objected to, and complained against sexual harassment, a sexually hostile work environment, and retaliation prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e *et seq.*

133.

Defendants ADMI, APEO, and Purple Dental subjected Plaintiff to retaliation because she opposed, objected to, and complained against sexual harassment, a sexually hostile work environment, and retaliation by taking various retaliatory actions against her including, but not limited to: (1) terminating her employment on September 13, 2021; (2) placing her on unpaid leave; (3) failing to properly arrange transfer Ms. Graddy's transfer to Aspen Dental's Waycross, Georgia location; (4) performing a sham investigation; and (5) terminating her employment on September 30, 2021.

134.

Defendants ADMI, APEO, and Purple Dental lack any legitimate justification for subjecting Plaintiff to the adverse actions complained of above, and/or any such purported legitimate justifications are mere pretext for retaliation.

135.

Defendants ADMI, APEO, and Purple Dental's above-pled retaliatory conduct toward Plaintiff constitutes unlawful retaliation against Plaintiff in violation of Title VII.

136.

The actions of Defendants ADMI, APEO, and Purple Dental in subjecting Plaintiff to the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of her federally protected rights.

137.

As a direct and proximate result of Defendants ADMI, APEO, and Purple Dental's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

138.

As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover lost wages and economic benefits of her employment, compensatory damages for emotional distress, as well as front pay, and other equitable relief, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT IV
## ASSAULT
### *Against Defendant Purple Dental LLC and Defendant Ezeja*

139.

Paragraph numbers 12 through 97 are incorporated herein by reference.

140.

Defendant Ezeja's sexual misconduct and actions against Plaintiff as described above constitute assault.

141.

Based on its actual and constructive knowledge of Defendant Ezeja's sexual harassment and his history and propensity for the same, Defendant Purple Dental condoned, adopted, and ratified Defendant Ezeja's conduct, making it liable for Defendant Ezeja's assault upon Plaintiff.

142.

As a result of Defendant Purple Dental LLC and Defendant Ezeja's unlawful actions, Plaintiff suffered emotional distress, inconvenience, humiliation, and other indignities.

## COUNT V
## BATTERY
### *Against Defendant Purple Dental LLC and Defendant Ezeja*

143.

Paragraph numbers 12 through 97 are incorporated herein by reference.

144.

Defendant Ezeja's conduct and actions alleged herein toward Plaintiff amounted to the unwanted and offensive touching of Plaintiff by Defendant Ezeja, owner of Purple Dental LLC, constituting a battery.

145.

Based on its actual and constructive knowledge of Defendant Ezeja's sexual harassment and his history and propensity for same, Defendant Purple Dental condoned, adopted, and ratified Defendant Ezeja's conduct, making it liable for Defendant Ezeja's battery upon Plaintiff.

146.

As a result of Defendant Purple Dental LLC and Defendant Ezeja's unlawful actions, Plaintiff suffered emotional distress, inconvenience, humiliation, and other indignities.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *Against Defendant Purple Dental LLC and Defendant Ezeja*

147.

Paragraph numbers 12 through 97 are incorporated herein by reference.

148.

Defendant Ezeja, owner of Purple Dental LLC, intentionally, maliciously, wantonly and in gross and reckless disregard for Plaintiff's health and safety, engaged in extreme and outrageous conduct when he subjected Plaintiff to embarrassment, humiliation, degradation, and ridicule by sexually harassing her, and touching her body without consent, thereby causing Plaintiff to suffer extreme emotional distress, mental anguish, humiliation, and other indignities.

149.

Defendant Ezeja's conduct toward Plaintiff was objectively malicious, wanton, and wholly incompatible with the standards of society.

150.

Based on its actual and constructive knowledge of Defendant Ezeja's sexual harassment and his history and propensity for the same, Defendant Purple Dental condoned, adopted, and ratified Defendant Ezeja's conduct, making it liable for Defendant Ezeja's intentional infliction of emotional distress upon Plaintiff.

151.

As a result of Defendant Purple Dental LLC and Defendant Ezeja's unlawful actions, Plaintiff suffered emotional distress, inconvenience, humiliation, and other indignities.

### COUNT VII
### INVASION OF PRIVACY
***Against Defendant Purple Dental LLC and Defendant Ezeja***

152.

Paragraph numbers 12 through 97 are incorporated herein by reference.

153.

The tort of Invasion of Privacy is actionable under Georgia law upon proof that an individual unreasonably intruded into another person's private concerns in a manner that "would be offensive or objectionable to a reasonable person." *Troncalli v. Jones*, 237 Ga. App. 10, 14, 514 S.E.2d 478, 482 (1999).

154.

Defendant Ezeja's actions described above involving unwanted sexual and inappropriate touching of Plaintiff constitute the tort of Invasion of Privacy under Georgia law.

155.

Based on its actual and constructive knowledge of owner Defendant Ezeja's sexual harassment and his history and propensity for the same, Defendant Purple Dental condoned, adopted, and ratified Defendant Ezeja's conduct, making it liable for Defendant Ezeja's invasion of privacy upon Plaintiff.

156.

As a result of Defendant Purple Dental LLC and Defendant Ezeja's unlawful actions, Plaintiff suffered emotional distress, inconvenience, humiliation, and other indignities.

## COUNT VIII
## NEGLIGENCE (SEXUAL HARASSMENT)
### *Against Defendant ADMI, Defendant APEO, LLC, and Defendant Purple Dental LLC*

157.

Paragraph numbers 12 through 97 are incorporated herein by reference.

158.

Ms. Graddy was subjected to a hostile work environment based on her sex by Defendant Ezeja, her supervisor, for which Defendants ADMI, APEO, and Purple Dental are liable.

159.

At all times relevant to this action, Defendants ADMI, APEO, and Purple

Dental knew or, in the exercise of reasonable care, should have known of Defendant Ezeja's reputation for sexual harassment.

160.

At all times relevant to this action, it was foreseeable that Defendant Ezeja would engage in sexual harassment of Defendants ADMI, APEO, and Purple Dental's female employees, including Ms. Graddy.

161.

Defendants ADMI, APEO, and Purple Dental continued Defendant Ezeja's employment.

162.

Defendants ADMI, APEO, and Purple Dental allowed a sexually hostile work environment to exist.

163.

Defendants ADMI, APEO, and Purple Dental's conduct toward Ms. Graddy was negligent and done with reckless disregard for Plaintiff and her rights.

164.

The actions of Defendants ADMI, APEO, and Purple Dental constitute negligence under Georgia law.

165.

As a result of Defendants ADMI, APEO, and Purple Dental's negligent conduct, Ms. Graddy suffered physical impact, physical harm, and severe emotional distress.

## COUNT IX
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *Against Defendant ADMI, Defendant APEO, LLC, and Defendant Purple Dental LLC*

166.

Paragraph numbers 12 through 97 are incorporated herein by reference.

167.

Defendants ADMI, APEO, and Purple Dental, through its supervisors and managers, knew or should have known of Defendant Ezeja's acts and pattern of sexual harassment of female employees, including Ms. Graddy.

168.

Defendants ADMI, APEO, and Purple Dental's conduct toward Ms. Graddy was negligent and done with reckless disregard for Plaintiff and her rights.

169.

As a result of Defendants ADMI, APEO, and Purple Dental's negligent conduct, Ms. Graddy suffered physical impact, physical harm, and severe emotional distress.

170.

Defendants ADMI, APEO, and Purple Dental's failure to supervise Defendant Ezeja, failure to terminate him, and failure to reprimand him for previous sexual harassment, thereby exposing Ms. Graddy to continued danger of assault and battery, as well as continued emotional distress, constituted a continuing violation of Ms. Graddy's rights under Georgia law.

## COUNT X
### NEGLIGENT RETENTION AND/OR NEGLIGENT SUPERVISION
#### *Against Defendant ADMI, Defendant APEO, LLC, and Defendant Purple Dental LLC*

171.

Paragraph numbers 12 through 97 are incorporated herein by reference.

172.

Throughout Plaintiff's employment, Defendant Ezeja regularly and repeatedly subjected Plaintiff and other female employees to sexual advances, sexual innuendos, offensive touching, and other forms of sexual harassment.

173.

Defendants ADMI, APEO, and Purple Dental were aware of Defendant Ezeja's sexual harassment of Plaintiff and/or other female employees.

174.

Defendants ADMI, APEO, and Purple Dental continued to require Plaintiff to report to, and interact with, Defendant Ezeja, and did not discipline Defendant Ezeja for his unlawful conduct.

175.

Defendant Ezeja's continual sexual harassment, assault, and battery of Plaintiff and other female employees created an intimidating, hostile, and offensive working environment for her.

176.

Defendants ADMI, APEO, and Purple Dental failed to take any remedial action toward Defendant Ezeja, even after Office Manager Kacey Campbell, Plaintiff, and/or other female employees complained of Defendant Ezeja's sexual harassment on numerous occasions.

177.

Defendants ADMI, APEO, and Purple Dental took no steps to correct the sexually harassing work environment that existed.

178.

The sexually harassing work environment includes, but is not limited to, inappropriate comments and touching by Defendant Ezeja.

179.

Defendants ADMI, APEO, and Purple Dental continued to employ Defendant Ezeja when it actually knew, constructively knew, or in the exercise of reasonable care should have known, of Defendant Ezeja's prior history of, reputation, and propensity for, sexual harassment directed toward Plaintiff and/or other female employees.

180.

Notwithstanding Defendants ADMI, APEO, and Purple Dental's actual and constructive knowledge of Defendant Ezeja's prior history of, reputation, and propensity for, sexual harassment, Defendants ADMI, APEO, and Purple Dental negligently supervised Defendant Ezeja, failed to intercede on Plaintiff's behalf, and negligently retained Defendant Ezeja, thereby ratifying, condoning, and adopting his conduct, making Defendants ADMI, APEO, and Purple Dental liable for the negligent supervision and retention of Defendant Ezeja.

**COUNT XI**
**BREACH OF LEGAL DUTY UNDER O.C.G.A. § 51-1-6**
*Against Defendant Purple Dental LLC and Defendant Ezeja*

181.

Paragraph numbers 12 through 97 are incorporated herein by reference.

182.

Defendant Purple Dental and Defendant Ezeja's action and omissions stated in this Complaint violate private duties guaranteed to Plaintiff under O.C.G.A. § 51-1-6.

183.

In addition to violating their duties to Plaintiff, Defendant Purple Dental and Defendant Ezeja committed intentional torts upon Plaintiff.

184.

All of the acts and omissions complained of in this lawsuit are such acts or omissions as those contemplated by O.C.G.A. § 51-1-6 to be tortious acts against Plaintiff.

**COUNT XII**
**PUNITIVE DAMAGES UNDER O.C.G.A. § 51-12-5.1**
***Against All Defendants***

185.

Paragraph numbers 12 through 97 are incorporated herein by reference.

186.

All of Defendants' unlawful conduct set forth herein was intentional, willful, malicious, and conducted with the deliberate intent to harm Plaintiff, or was done with reckless disregard for Plaintiff and her rights.

187.

Accordingly, Defendants are liable to Plaintiff for punitive damages.

## COUNT XIII
## ATTORNEYS' FEES AND COSTS UNDER O.C.G.A. § 13-6-11
### *Against All Defendants*

188.

Paragraph numbers 12 through 97 are incorporated herein by reference.

189.

By their actions described above, and by their stubborn litigiousness prior to and during this lawsuit, Defendants acted in bad faith, were stubbornly litigious, and put Plaintiff through unnecessary trouble and expense.

190.

Thus, under O.C.G.A. § 13-6-11, Plaintiff is entitled to recover her attorneys' fees and expenses incurred in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A.     That this Court take jurisdiction of this matter;

B.     That process be served;

C.     A declaratory judgment that Defendants ADMI, APEO, and Purple

Dental violated Title VII of the Civil Rights Act of 1964, as amended
42 U.S.C. § 2000e *et seq.*;

D.    That the Court award Plaintiff her full back pay and benefits, in an
amount to be determined at the trial of this case;

E.    Prejudgment interest and post-judgment interest;

F.    Reinstatement to Plaintiff's former position with Defendants ADMI,
APEO, and Purple Dental at the same pay grade, or in the alternative,
front pay to compensate Plaintiff for lost future wages and benefits;

G.    Compensatory damages in an amount to be determined by the
enlightened conscience of the jury, for Plaintiff's emotional distress,
suffering, inconvenience, mental anguish, loss of enjoyment of life, and
special damages;

H.    Punitive damages;

I.    Attorneys' fees and costs;

J.    That the Court grant Plaintiff the right to have a trial by jury on all issues
triable to a jury; and

K.    All other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of December, 2022.

**BUCKLEY BEAL LLP**

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com
Ashley Wilson Clark
Georgia Bar No. 771512
awilsonclark@buckleybeal.com
Alessandra T. Palazzolo
Georgia Bar No. 485399
apalazzolo@buckleybeal.com
600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

*Counsel for Plaintiff*